J.C. PENNEY COMPANY, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as J. C. Penney Co. *v.* Limbach (1988), 36 Ohio St. 3d 9.]

(No. 86-1833—Decided March 23, 1988.)

*Michael A. Pearl,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark A. Engel,* for appellee.

*Per Curiam.* Appellant argues that the charges in question were for installation labor and not fabrication labor and that the record does not support the BTA's conclusion that fabrication occurred at the site. It contends that the invoices pertained only to labor charges, that the appellee, Tax Commissioner, made no mention of separating tangible personal property from labor in her order, and that she had determined that the questioned charges were for fabrication labor and, thus, taxable as part of the "price."

In *Southwestern Portland Cement Co.* v. *Lindley* (1981), 67 Ohio St. 2d 417, 21 O.O. 3d 261, 424 N.E. 2d 304, which involved installation and fabrication in the construction of a cement plant, we held that the price paid by the taxpayer included fabrication as well as installation charges and that the taxpayer failed to separate the two types of charges. We denied the exemption. In *Sears, Roebuck & Co.* v. *Lindley* (1982), 70 Ohio St. 2d 249, 24 O.O. 3d 339, 436 N.E. 2d 1029, we distinguished *Southwestern Portland Cement Co.* holding no fabrication was involved:

"Conversely, the record in the instant case is replete with evidence demonstrating that the transport systems arrived at the distribution center in a finished, manufactured and shop-painted condition; no forming, shaping, machining or other incidents traditionally associated with manufacturing were required after delivery." 70 Ohio St. 2d at 251, 24 O.O. 3d at 341, 436 N.E. 2d at 1031. Since installation charges appeared separately from charges for manufacturing, we affirmed the BTA's decision exempting the installation charges.

In *Sears,* we restated the principle that this court will not overrule BTA findings of fact that are based on sufficient, probative evidence, citing *Hawthorn Mellody* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257, and several earlier cases.

In *Sears,* the invoices separately stated the charge for the materials from the charge for the installation labor. At issue was whether the latter charge was for continued manufacturing or for installation. In the instant case, the BTA considered the lack of a separate charge for materials to mean that materials and installation labor were not separated on the invoices.

The remarks of the tax agent assigned to the instant case concerning these charges are as follows:

"* * * Rapistan Inc. These are charges for fabrication of conveyor systems on J.C. Penney's situs [*sic*]. These are used in the backroom storage area to receive in-coming merchandise. Rapistan provides both materials and labor (*separately stated*) for a completed conveyer system.

"Each store has these long and winding conveyors both overhead and at floor level. Rapistan ships the various component parts (unassembled) to the Penney's store. J.C. Penney's urges that alleged fabrication (on site)

is merely installation. Agents feel that Penney's wants a completed 'conveyor system' and that due to the size of the conveyor, it cannot be shipped in completed form, but final manufacturing must be completed on-site (*Babcock & Wilcox* relied upon). *Rapistan charges and Penney's paid the tax on the material[s] portion for the most part.*" (Emphasis added.)

Appellee's agent did not question that the tax had been paid on the materials and the labor needed to fabricate the materials. He felt that the on-site installation was fabrication labor and assessed a tax on this charge. The agent stated that the charges for materials were separately stated from the installation charges and that the tax had been paid on the materials portion. Appellant did not need to contest the tax on the fabrication of the materials as it had been paid. The contested invoices billed appellant only for installation labor.[1] Thus, the evidence does not support the finding of the BTA that fabrication of the conveyor systems took place at their installation. The evidence supports the finding that the tax had been paid for the fabrication of the material and that the invoices in dispute only involved installation charges. The decision of the BTA is not supported by sufficient, probative evidence of record and, therefore, is reversed.

*Decision reversed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.

---

[1] One of the invoices also separately stated a charge for "Additional Steel," and appellant concedes the taxability of this item.